UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62474-CIV-COHN

DAVID B. MURSTEN,

    Plaintiff,

v.

NICK A. CAPORELLA,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO RE-OPEN CASE AND FOR
ENTRY OF ORDER SEALING REDACTED COMPLAINT**

Defendant, NICK A. CAPORELLA, pursuant to Local Rule 5.4, and on the grounds set forth below, respectfully moves without opposition to re-open this case and for entry of an Order sealing Plaintiff's redacted Complaint, dated December 12, 2012, *D.E. 1*, and states:

1. This action was the first of two lawsuits filed by the Plaintiff, David B. Mursten, against Defendant, Nick A. Caporella. Mr. Caporella is the Chairman and Chief Executive Officer of National Beverage Corp. ("NBC"), a publicly traded company.

2. In this action, Plaintiff filed what was intended to be a redacted Complaint. *D.E. 1*. Despite the intention that the Complaint be redacted so as not to publicize what were always intended to be confidential and highly sensitive allegations (though flatly denied by the Defendant), the redactions were not made properly due to what appears to be a word processing error. In particular, the Complaint can be downloaded and saved into a Word format which then allows the redaction to be removed and the confidential allegations revealed. This was not the intention of the initial filing as it, of course, defeats the purpose of the redaction.

3. This action was voluntarily dismissed by the Plaintiff on April 12, 2013. The issue of the unsuccessful redactions was not known then and the issue appeared to be dormant along with the dismissed lawsuit.

4. The dismissed lawsuit and the redacted Complaint recently resurfaced.

5. On or about September 28, 2016, Glaucus Research Group California, LLC ("GLAUCUS") published a self-serving so-called research "Report" in which it purposely sought to financially damage NBC. GLAUCUS did so in order for it, as a short-seller of securities (in this case NBC's stock, NASDAQ: FIZZ), to create a basis for the stock price to decline.

6. Short selling involves the borrowing of a stock, and then the subsequent selling of the stock, and then, finally, the actual buying the stock back in order to return it to the original lender. Short sellers, such as GLAUCUS, attempt to make money by betting that the stock they sell will in the future drop in price. If the stock drops, the short seller buys it back at a lower price and returns it to the lender. An unscrupulous short seller may undertake to manipulate and unfairly shape the public's confidence in the stock on a short-term basis by cobbling together disconnected, untrue information about the company or its executives to drive the price down and to profiteer at the expense of the public shareholders, in general, and the company, in particular.

7. The "Report" features the unproven and false allegations contained in the redacted Complaint that were never intended to be publicly available.

8. As a result of dissemination of the Report and its false and scandalous allegations, it caused NBC's stock to tumble intra-day (September 28, 2016) by as much as

15% from the prior day's close, equating to more than $175 million in lost market value (i.e., market cap) by the end of the trading day.

9. The purpose of this Motion is to avoid damage to innocent NBC shareholders due to the mere publication of the redacted allegations in the Complaint.

10. NBC is a publicly traded company with more than 12,000 investors. As such, a portion of the NBC's stock is held by innocent investors who are in no way implicated by the Plaintiffs' allegations. Notwithstanding, those innocent investors stand to be harmed by the mere assertion of these allegations by short-sellers of securities who seek to profiteer on damage caused to the reputation of NBC.

11. As stated above, NBC and its shareholders have recently been the victims of precisely this type of predatory conduct where a short-seller, GLAUCUS, publicized mere allegations from what was supposed to be a redacted court filing. The mere publication of the Report resulted in a marked decline in the stock's price, equating to millions of dollars in lost market value. In this regard, the publication of the unfounded and private allegations contained in the redacted Complaint alone may cause irreparable harm to potentially thousands of innocent investors.

12. We are mindful of the general policy favoring open and public viewing of court records as provided in Local Rule 5.4. *See also Romero v. Drummond Company, Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). However, Defendant respectfully submits that good cause exists for this request and that the balance in this instance tips in favor of sealing the redacted Complaint based on the factors presented in *Romero*.

13. We note that, in the second related action filed by the Plaintiff, *David B. Mursten v. Nick A. Caporella,* Case No. 14-CV-60014-COHN, *("Mursten II")*, the Court ordered

certain portions of the record to be sealed given the confidential and private nature of those filings. *Mursten II, D.E. 189.*

14.     A sealing of the Complaint would not impair court functions. In fact, this action has already been dismissed for years, such that there is no need for further court functions or judicial labor. On the other hand, there is a very real and previously realized harm that could be inflicted upon the private interests of the parties and non-parties as noted above. Those potential damages are substantial. *See NXP B.V. v. Research in Motion, Ltd.*, 2013 WL 4402833, *2 (M.D. Fla. 2013), *and case cited* therein (referring to a "clearly defined and serious injury."). *See also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 2991057, *2 (M.D. Fla. 2016) (same). Next, the information and allegations contained in the Complaint are unreliable to say the least. Even the Plaintiff knew of the need for those allegations to be concealed, either because of their confidential nature, or because their potential to inflict harm on innocent parties was known. The redacted Complaint does not concern public officials, or matters which are of public concern. *Compare McCurdy v. Auburn University*, 2015 WL 9480032, *1-2 (M.D. Ala. 2015) (unsealing exhibits relating to settlement because those documents related directly to disposition of a case against a taxpayer-funded public institution). Finally, Defendants do not believe there is an alternative to sealing the Complaint. The only alternative was a partial redaction, which proved unsuccessful. Notwithstanding, in the event the Complaint cannot be sealed in its entirety, Defendant requests that the redacted Complaint be sealed and that the Plaintiff be required to refile the redacted Complaint in a format such that the redacted portions are truly redacted and beyond public view.

15.     Defendant requests that the Complaint be sealed permanently. There is no reason for any sealing to be temporary given the already dismissed status of this case.

16. Pursuant to Local Rule 7.A.2, a proposed Order granting this Motion is attached.

In accordance with *S.D. Fla. L.R.* 7.1.A.3, the undersigned certifies that he has conferred with counsel for the Plaintiff, who indicated that there is no opposition to this request.

WHEREFORE, Defendant respectfully requests entry of an Order sealing the redacted Complaint, permanently, or until further Order of the Court.

    Respectfully submitted,

    WALDMAN TRIGOBOFF HILDEBRANDT
      MARX & CALNAN, P.A.
    Counsel for Defendant
    Broward Financial Center • Suite 1700
    500 East Broward Boulevard
    Fort Lauderdale, Florida  33394
    Telephone:    (954) 467-8600
    Facsimile:     (954) 467-6222

    By:   /s Glenn J. Waldman
        Glenn J. Waldman
        Florida Bar No. 374113
        Gwaldman@waldmanlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the following was e-filed and served through the Electronic Case Filing System (CM / ECF), to: Curtis B. Miner, Esq., curt@colson.com, COLSON HICKS EIDSON, P.A., 255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134, on January 17, 2017.

                By: /s Douglas T. Marx
                     Douglas T. Marx